IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL EUGENE CAMERON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:19-cv-840 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| MARK CAPOZZA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 4) filed by Daryl Eugene Cameron ("Petitioner") under 28 U.S.C. § 2254. Petitioner challenges the judgment of sentence imposed on him by the Court of Common Pleas of Mercer County on January 27, 2014 at criminal docket number CP-43-CR-342-2013. For the reasons below, the Court will deny the Petition with prejudice because each of Petitioner's claims for habeas relief are time-barred and will deny a certificate of appealability.

**I.      Relevant Background**[2]

In May 2013, the Commonwealth charged Petitioner with one count each of Rape of an Unconscious Person, Involuntary Deviate Sexual Intercourse of an Unconscious Person, Aggravated Indecent Assault (Complainant Unconscious or Unaware Penetration is Happening),

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents attached as exhibits to their Answer (ECF 15) the relevant state court filings and decisions. The documents will be cited to as follows: "Resp's Ex. __, ECF __ at ___." Respondents also submitted Petitioner's original state court record, which includes the transcripts from his September 13, 2013 plea colloquy, his January 27, 2014 sentencing hearing and the hearing held on November 24, 2014 on his first petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*

1

and Sexual Assault. The charges stemmed from an incident that occurred on February 23, 2013 when Petitioner was a guest at the victim's home. The victim's daughter reported that she walked into a room and saw Petitioner sexually assaulting the victim, who was unconscious at the time.

The trial court appointed Assistant Public Defender Ted Isoldi ("trial counsel") to represent Petitioner. On September 16, 2013, Petitioner entered a negotiated guilty plea to one count of Aggravated Indecent Assault (Complainant Unconscious or Unaware Penetration is Happening), in violation of 18 Pa. Cons. Stat. § 3125(a)(4).

On January 27, 2014, the trial court sentenced Petitioner to the negotiated term of four to eight years of incarceration to run concurrent to any existing sentence. The next month Petitioner moved to modify his sentence, which the trial court denied on February 20, 2014. Petitioner did not file an appeal with the Superior Court of Pennsylvania. Thus, his judgment of sentence became final under both state and federal law on March 24, 2014, when the 30-day period for him to file an appeal expired.[3] (Resp. Ex. RR, ECF 15-44 at p. 2); *see also* 42 Pa. Cons. Stat. § 9545(b)(3); Pa.R.A.P. 903; 28 U.S.C. § 2244(d)(1)(A) and *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On July 24, 2014, Petitioner filed a pro se PCRA petition and commenced what the Court will refer to as the "First PCRA Proceeding." (Resp's Ex. N, ECF 15-15 at pp. 1-14). The trial court, now the PCRA court, appointed Attorney Randall Hetrick to represent Petitioner. A counseled amended PCRA petition was then filed asserting that trial counsel was ineffective because he did not prepare for trial and that as a result Petitioner's guilty plea was not knowingly, voluntarily and intelligently entered into. (Resp's Ex. P, ECF 15-16 at pp. 1-2.)

---

[3] The thirtieth day after February 20, 2014 was Saturday, March 22, 2014. Thus, Petitioner had until Monday, March 24, 2014 to file a direct appeal.

2

An evidentiary hearing was held at which Petitioner and trial counsel testified. At this hearing, Petitioner faulted trial counsel for not interviewing and presenting at a trial testimony from Stephanie Lewis, Tina Davis (his ex-girlfriend), Keith Cameron (his brother), John and Josh Cameron (his nephews), Tabitha Fidel Dillon and Tammy McGary Kerins. (PCRA Hr'g Tr., 11/24/14, at pp. 6-10.) According to Petitioner, these individuals could have testified about the victim's bad character, her past sexual relationship Petitioner and/or that the victim fell asleep during the preliminary hearing. (*Id.*)

Trial counsel testified that he reviewed the discovery materials with Petitioner on three separate occasions before Petitioner entered his guilty plea. (*Id.* at p. 22.) He also said that contacted Stephanie Lewis and that "the gist I learned from [her] was that she regarded the victim in this case…as a liar. Apparently, [the victim] had been lent money by Stephanie Lewis and never [paid] her back[.]" (*Id.* at p. 21.) Trial counsel explained that Stephanie Lewis also said that she once saw Petitioner and the victim "fooling around in a hot tub[.]" (*Id.* at p. 26.) As for Tabitha Fidel Dillon, trial counsel testified that he tried to reach out to her but he could not locate her. (*Id.* at pp. 24-25.) As for the other potential witnesses, trial counsel explained:

> As far as the other witnesses that [Petitioner] is talking about, those are people that were at the preliminary hearing who heard the testimony of [the victim]. They were not present, to my understanding, for any of the fooling around in the hot tub and things of that nature. They were at the preliminary [hearing]. I know what was said at the preliminary hearing because I was there and saw the demeanor the of the alleged victim/witness. She was nodding off and falling asleep at the preliminary hearing. She is a very heavily-medicated woman.
>
> …. [The victim] was brought to the hospital after the incident and the nurse testified that even during her rape kit evaluation… [she] was nodding off. She nods off. She is very heavily medicated. That's just the way she is.
>
> … There was no reason to [present testimony at trial from Petitioner's proposed witnesses]. I know what was there. And these people couldn't testify to anything other than what was said at the preliminary hearing.

(*Id.* at p. 25.)

3

Following this hearing, the PCRA court issued a memorandum and order dated November 24, 2014 setting forth its findings of fact[4] and conclusions of law and denying the amended PCRA petition. (Resp's Ex. T, ECF 15-20 at pp. 1-4.) The PCRA court credited trial counsel's testimony and found as fact that he reviewed "the discovery packet on three separate occasions with [Petitioner]." (*Id.* at p. 1.) The PCRA court also found as fact that trial counsel spoke with Stephanie Lewis and concluded that neither she nor any of the individuals identified by Petitioner as potential witnesses could provide useful testimony for the defense at a trial. The PCRA court also noted that "[n]one of [Petitioner's] proposed witnesses testified at the [PCRA] hearing, nor have they submitted Affidavits regarding what their testimony would be." (*Id.* at p. 2.) The PCRA concluded that Petitioner "failed to meet his burden of proof, and with regard to the alleged failure of counsel to investigate properly, there is not a shred of evidence to establish any such conclusions." (*Id.* at p. 3.) It also rejected Petitioner's claim that his guilty plea was not knowingly, voluntarily and intelligently entered into. (*Id.*)

Petitioner did not file an appeal of the PCRA court's November 24, 2014 decision dismissing the First PCRA Proceeding. On February 6, 2015, he moved to reinstate that proceeding. (Resp's Ex. U, ECF 15-21 at pp. 2-4.) He asserted that Attorney Hetrick provided him with ineffective assistance and he wanted to reopen the First PCRA Proceeding so that he could raise claims that he contended Attorney Hetrick should have raise in the counseled amended PCRA petition. (*Id.* at p. 4.) The PCRA court denied this motion on February 10, 2015. (Resp's Ex. V, ECF 15-22 at p.1.)

---

[4] Under 28 U.S.C. § 2254(e)(1) this Court is bound by the credibility determinations and findings of fact that the PCRA court made unless Petitioner produced "clear and convincing evidence" that the PCRA court was wrong. *See also Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 850 n.9 (3d Cir. 2017). Petitioner has not met that burden here.

4

About eleven months later, on January 8, 2016, Petitioner commenced what this Court will refer to as the "Second PCRA Proceeding." (Resp's Ex. W, ECF 15-23 at pp. 1-23.) Petitioner alleged that Attorney Hetrick was ineffective for failing to timely appeal from the PCRA court's November 24, 2014 order denying him relief in the First PCRA Proceeding. (*Id.*)

The PCRA court issued an order dismissing this petition as untimely under the PCRA's one-year statute of limitations, which is codified at 42 Pa. Cons. Stat. § 9545(b) and which is jurisdictional.[5] (Resp's Ex. X, ECF 15-24 at pp. 1-3; Resp's Ex. Z, ECF 15-26 at p. 1.) Petitioner did not appeal the PCRA court's order.

In August 2017, Petitioner commenced what the Court will refer to as the "Third PCRA Proceeding" in which he raised a sentencing-phase claim that is not relevant to this federal habeas case. The PCRA court appointed Attorney J. Jarret Whalen and it later issued a notice that it

---

[5] Section 9545 provides, in relevant part:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. Cons. Stat. § 9545(b)(1). At the time, any petition invoking one of the exceptions set forth in subparagraphs (i), (ii) or (iii) had to be filed within sixty days of the date the claim could have been presented. *Id.* § 9545(b)(2). By amendment that became effective December 24, 2018, that time period is now one year.

intended to dismiss the Third PCRA Proceeding because Petitioner's sentencing-phase claim had no merit. (Resp's Ex. DD, ECF 15-30 at p. 1; Resp's Ex. FF at pp. 15-32.) Petitioner, through counsel, filed an amended petition claiming that the Mercer County Clerk of Courts improperly obstructed his right to appeal from the PCRA court's February 12, 2016 order dismissing the Second PCRA Proceeding. As relief, Petitioner requested the reinstatement of his appeal rights nunc pro tunc. (Resp's Ex. HH, ECF 15-34 at pp. 1-2.)

Following a conference on the matter, the PCRA court granted Petitioner's request that his right to appeal its order dismissing the Second PCRA Proceeding be reinstated nunc pro tunc. The PCRA court denied Petitioner's sentencing-phase claim. (Resp's. Ex. JJ, ECF 15-36 at pp. 1-2.) Thus, at this point Petitioner's Second PCRA Proceeding was reopened and his Third PCRA Proceeding had concluded.

Petitioner, through counsel, then filed his appeal of the PCRA court's decision denying the Second PCRA Proceeding. He asserted that the PCRA court erred when it dismissed that proceeding without conducting an evidentiary hearing. (Resp's Ex. MM, ECF 15-39 at pp. 1-3.) The PCRA court issued its Appellate Rule 1925(a) opinion explaining that the Second PCRA Proceeding was untimely because Petitioner commenced it outside the PCRA's one-year statute of limitations and he failed to show that any of the exceptions set forth at § 9545(b)(1) applied to excuse his untimely filing. (Resp's Ex. NN, ECF 15-40 at pp. 1-18.)

On June 6, 2019, the Superior Court issued its opinion affirming the PCRA court's decision. (Resp's Ex. RR, ECF 15-44 at pp. 1-9.) The Superior Court agreed with the PCRA court that the Second PCRA Proceeding was untimely because Petitioner commenced it "on January 8, 2016—almost 2 years after his Judgment of Sentence became final" and that he failed to "avail himself of one of the exceptions [set forth at § 9545(b)(1)(i)-(ii)]" within the required 60-

day time period. (*Id.* at p. 8; *see also id.* "[Petitioner] has not invoked or argued that any timelines exception applies to his claim. Accordingly, we are without jurisdiction to review [his] issue.") Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

Petitioner commenced this federal habeas case at the very earliest on July 8, 2019, which is the date he claims he placed the Petition for a Writ of Habeas Corpus in the prison mailing system. (ECF 4 at p. 12.) He raises these claims:

Claim 1: Trial Counsel was ineffective for: (a) failing to share with Petitioner the evidence gathered during discovery; and (b) failing to interview and proceed to a trial and present evidence from Stephanie Lewis, John and Josh Cameron and Tina Davis. As result, Petitioner's guilty plea was coerced and not knowingly, voluntarily and intelligently entered into;

Claim 2: There would have been insufficient evidence to convict Petitioner if he had proceeded to trial because there was no DNA or other physical evidence linking him to the crime and the victim was not a reliable witness;

Claim 3: The victim lied, and also "nodded out twice," when she testified at the preliminary hearing and, therefore, she would not have been competent to testify at a trial; and,

Claim 4: The victim's daughter and the investigating officer, Corporal James Powell, submitted false testimony at the preliminary hearing. Additionally, Corporal Powell, who allegedly interviewed Petitioner when Petitioner was under the influence of drugs, altered the statement that Petitioner gave to him.

(Petition, ECF 4 at pp. 5-4; Brief in Support, ECF 5 at pp. 1-5.)

When Petitioner commenced this federal habeas case, he was litigating these same or similar claims in another pro se petition that he had filed in state court. The Court will refer to this proceeding as the "Fourth PCRA Proceeding." (Resp's Ex. SS, ECF 15-45 at pp. 4-12.) The Court stayed this federal habeas case until the conclusion of the Fourth PCRA Proceeding. (ECF 6.)

The PCRA court later dismissed Petitioner's Fourth PCRA Proceeding because the claims he raised in it were untimely under the PCRA's one-year statute of limitations and no exception

applied, and also because all of Petitioner's claims were either previously litigated or waived. (Resp's Ex. VV, ECF 15-48 at pp. 1-9; Resp's Ex. WW, ECF 15-49 at p. 1.) Thereafter, Petitioner, who did not file an appeal of the PCRA court's decision to the Superior Court, moved to reopen this federal habeas case, which this Court granted. (ECF 8, 11.)

Respondents then filed the Answer in which they assert that the Court should deny Petitioner's federal habeas claims because they are time-barred under the applicable one-year statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d).[6] Petitioner counters in his Reply that his claims are timely filed because they are based on allegedly "newly discovery" evidence. (ECF 23.)

**II.    Discussion**

   A.   Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers*, 858 F.3d at 848-49.

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing

---

[6] Respondents also asserts that Petitioner procedurally defaulted his claims and that they have no merit. The Court's disposition on timeliness makes it unnecessary to reach these additional issues.

*Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). AEDPA reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

AEDPA substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

B. <u>Petitioner's Claims are Time-barred</u>

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d) and it provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> - - -
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The date on which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In most cases, including this one, AEDPA's statute of limitations for all claims is calculated under

§ 2244(d)(1)(A) and begins to run on the date the petitioner's judgment of sentence because final. Petitioner's suggestion that he should be able to use § 2244(d)(1)(D)'s triggering date for the start of AEDPA's statute of limitations is rejected because he has not shown that any of his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. Indeed, a review of the state court proceedings shows that Petitioner raised Claim 1 during the First PCRA Proceeding, and that Claims 2, 3 and 4 are premised upon information Petitioner knew or should have known before his entered his guilty plea.

Thus, in this case the start date for AEDPA's statute of limitations for all of Petitioner's claims is the date his judgment of sentence became final in accordance with § 2244(d)(1)(A). As explained above, that date is March 24, 2014. Petitioner filed his first (and only timely) PCRA petition 122 days later, on July 24, 2014. Under § 2244(d)(2), this First PCRA Proceeding statutorily tolled AEDPA's limitations period beginning on July 24, 2014. The First PCRA Proceeding remained pending through on or around December 24, 2014, which is the last date that Petitioner could have appealed the PCRA court's November 24, 2014 order denying him relief. *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000).

Importantly, AEDPA's limitations period began to run again the next day, on December 25, 2014. Because 122 days had expired already from the limitations period, Petitioner had 243 more days—until on or around August 24, 2015—to file a timely federal habeas petition. He did not file his Petition until July 8, 2019, thereby making the claims he raised in the Petition untimely by around 1414 days, or more than three years and ten months.

AEDPA's statute of limitations was not statutorily tolled under § 2244(d)(2) during the pendency of the Second, Third or Fourth PCRA Proceedings. These proceedings were commenced

10

by Petitioner *after* AEDPA's statute of limitations expired on August 24, 2015 and therefore could not serve to statutorily toll the limitations period.[7]

The Supreme Court has held that AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. Petitioner does not argue that he is entitled to equitable tolling, nor has he directed the Court to anything in the record to support a determination that equitable tolling would be appropriate in this case. Petitioner may not have understood the ramifications of waiting so long to file his federal habeas petition after the First PCRA Proceeding concluded, but it is well established that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross v. Varano*, 712 F.3d 784, 799-800 (3d Cir. 2013) (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him)); and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires . . . such inadvertence on *Doe*'s part cannot constitute reasonable diligence.")

---

[7] Moreover, the state court determined that the Second and Fourth PCRA Proceedings were untimely under state law. Thus, neither of them qualifies as a "properly filed application for State post-conviction or other collateral review" under § 2244(d)(2). *Pace*, 544 U.S. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *id.* at 414 ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (internal quotation marks and bracketed text omitted).

11

Another exception to AEDPA's statute of limitations is the "miscarriage of justice" exception. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court recognized that the actual-innocence "gateway" to federal habeas review developed in *Schlup v. Delo*, 513 U.S. 298 (1995) for procedurally defaulted claims extends to cases in which a petitioner's claims would otherwise be barred by the expiration AEDPA's one-year statute of limitations. This exception provides that a petitioner's failure to comply with AEDPA's one-year limitations period may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup*, 513 U.S. at 316. Where, as is the case here, the petitioner pleaded guilty, he also must establish his actual innocence not only of the count to which he pleaded guilty, but also the other charges the government excused in the plea bargaining process. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The "miscarriage of justice" exception only applies in extraordinary cases in which the petitioner shows that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 316. This is not one of the rare cases in which the miscarriage of justice rule is implicated.

Based on the above, each of Petitioner's federal habeas claims are time-barred. For this reason, the Court will deny the Petition with prejudice.

### III. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition

on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claims should be denied as untimely. Thus, a certificate of appealability is denied with respect to each claim.

**IV.     Conclusion**

The Court will deny the Petition with prejudice because all claims asserted in it are time-barred and deny a certificate of appealability with respect to each claim.

An appropriate Order follows.

Date:  June 15,  2022

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge